ANGEL SOTO, Respondent, v. E. C. BROWN Co. et al., Appellants, et al., Defendants.— Defendants E. C. Brown Co. and Production Line Manufacturers, Inc., appeal from a judgment insofar as said judgment is in favor of the plaintiff and against said defendants, entered on the verdict of a jury in an action to recover damages for personal injuries claimed to have been sustained through the negligence of the appellants in the manufacture of a pump for spraying. Judgment insofar as appealed from reversed on the law, with one bill of costs to appellants, and complaint dismissed. Respondent failed to establish negligence on the part of the appellants. The burden was upon respondent to prove that when assembled as stated in the instructions of the appellants, there was concealed a probable source of danger which could arise in the operation of the pump for a purpose for which it was intended, of which danger appellants did not give notice. The tests by respondent's expert established that with the clamp fully tightened, separation of the hose and the nipple would not occur until a pressure of 270 pounds had been generated. On the evidence, it could not be found that the pump could generate such pressure. Respondent's expert had never tested a pump of this nature in good condition, and he could name no company which did not use a similar nipple in the assembling of a heavy duty pump. Respondent failed to establish that the clamp was tightened before the pump was used. Appellants could reasonably expect that one purchasing a pump would convey to his employees the caution contained in the instructions which accompanied the pump to securely attach the hose. (Cf. Storm v. New York Tel. Co., 270 N. Y. 103.) The casual observer could see what was the purpose of the clamp, and looseness could have been ascertained by the user by reasonable inspection. (MacPherson v. Buick Motor Co., 217 N. Y. 382.) Did we not dismiss the complaint, we would hold that the implied finding of negligence on the part of the appellants was against the weight of the evidence, and order a new trial. Wenzel, Acting P. J., MacCrate. Schmidt, Beldock and Murphy, JJ., concur.

■

MARGARET WALSH, Appellant, v. FEDERATED DEPARTMENT STORES, INC., Respondent, et al., Defendants.— In an action to recover damages for personal injuries, plaintiff appeals from an order denying her motion for a trial preference. It appears without dispute that plaintiff is seventy-five years of age and, in the opinion of her physician, will not survive the period within which the action will be reached for trial in regular order. Order reversed, without costs, and motion granted, without costs. Under the facts we are of opinion that the preference should have been granted. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.

■

(April 26, 1954.)

■

ADRIAN BLUMENFELD, Respondent, v. ROCKVILLE PARK HOMES, INC., Appellant.— In an action to recover damages for breach of a building construction contract, defendant appeals from an order denying its motion to dismiss the complaint pursuant to subdivision 4 of rule 107, and for summary judgment dismissing the complaint and reply to its counterclaim pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P.J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See post, p. 1057.]