Louis L. Friedman, J.
Motion for a preference pursuant to subdivision 3 of rule 151 of the Rules of Civil Practice and rule 9 of the Trial Term Rules, Supreme Court, Kings County.
Plaintiff, an 81-year-old female, allegedly sustained Colles fractures of both wrists Avith residual permanent deformity and an aggravation of pre-existing ailments of hypertension and diabetes, as a result of a fall on a public sidewalk. The opinion of the physician that plaintiff will not survive the period within Avhich the action will be reached for trial in its regular order is uncontroverted. Under these circumstances, plaintiff is entitled to the preference requested. (Migliorisi v. RKO-Keith-Orpheum Theatres, 1 A D 2d 836; Walsh v. Federated Dept. Stores, 283 App. Div. 896.)
The city opposes the motion and requests that if a preference is granted, that the case be set down several months from now because “this accident occurred less than a year ago,” and “the Comptroller’s investigation has not been completed”. This statement in the opposing affidavit points up a situation Avhich has been permitted to creep into all negligence cases in which the city is involved. This is not the only case in which *106 the city has made this claim. In two other rule 9 applications pending before the court, although more than a year had elapsed between the time of the accident and the time when the court sought to have a pretrial conference in the cases, the city asserted that it was not ready to discuss these cases because of the lack of investigation. In several other motions which are now pending before this Justice, the city has similarly asserted that there has been no investigation although more than a year las elapsed since the accident. In testimony before the Temporary Commission on the Courts, of which this Justice was a member at the time, the city’s representative stated that they are at least a year behind in their investigations of accidents and the corporation counsel attributed such delay to the fact that it is the comptroller’s office which conducts these investigations. Hence, said the corporation counsel’s representative, the corporation counsel is stymied in doing anything on any of the pending cases, until the investigation has been received.
Section 50-e of the General Municipal Law provides generally that a litigant who has a tort claim against a municipality must serve a notice of claim within 90 days and the method and manner of service and the contents of such notice must be set forth with particular attention to this statute. Although in recent years the previously strict rule of compliance has been relaxed, and litigants are permitted to offer certain amendments, infants who do not serve their notice or apply to the court for extension within a year after the accident, incompetents and other people who are delayed without their personal fault for such period of time, find themselves without any relief. The section in many cases has proven to be nothing more than a trap for the unwary and is not serving the function for which it was intended. Section 50-e is designed solely for the benefit of the municipality to assure it an adequate opportunity to investigate the accident and explore the merits of a claim while information is readily available and before it is too late to be efficient. Section 394a-1.0 of the Administrative Code of the City of New York in essence allows the city 30 days subsequent to the service of the notice of claim within which to adjust or pay said claim. The litigant who dares serve his summons even one day before the expiration of that period of 30 days finds himself subsequently dismissed when his case is reached for trial, because of this technical error of not giving the comptroller the full opportunity to adjust the pending claim.
The present affidavit submitted in opposition to this motion, as well as the efforts to which reference has already been made, indicates that the comptroller never had any intention of adjust *107 ing these claims within the 30-day period following the service of a notice of claim, and this is indicated by the fact that investigations are never completed until more than a year has elapsed after the accident has occurred.
This opinion is written, although not strictly germane to the issue at hand, so as to point up the practice which has occurred and which is some reason why the calendars of our courts are congested with such a large amount of cases against the City of New York, some of which cases might very well have been disposed of when the claim was served.
The present motion is granted. This 81-year-old plaintiff should not be required to wait any longer for her day in court. The action is set for trial for September 30, 1957, and both counsel are directed to be ready to select a jury on that day and to proceed to trial. Submit order.